MURRAY, J.,
dissents from the denial of rehearing and assigns reasons.
hi would grant the LCPIC’s application for rehearing for the following reasons. In its motion for summary judgment, LCPIC argued its policy did not provide coverage because the plaintiff had not sustained a direct physical loss, and alternatively because coverage for any such loss was excluded by three separate policy provisions: (1) the “latent defect” exclusion; (2) the “defective materials” exclusions and (3) the “pollution” exclusion. The trial court granted summary judgment on two grounds; that the plaintiff had not sus *298 tained a direct physical loss, and that even if such a loss had been sustained, coverage would have been defeated by the defective materials exclusion. This Court reversed, finding that the trial court had erred in both those determinations. We expressly declined to consider the applicability of either of the other two exclusions, however, noting that those issues were not properly before us because the trial court had not ruled on either.
Applying for rehearing, LCPIC contends that we erred by failing to consider the applicability of the other two exclusions upon which its motion for summary judgment was based. I agree. An appellate court reviews the granting of summary judgment de novo, using- the same criteria as the trial court and considering all the evidence that was properly presented to the trial court, both in support of and in ^opposition to the motion. In the instant case the trial court was not obliged to rule on the applicability of the, other two policy exclusions because a single exclusion was sufficient to defeat coverage; hence, once the trial court found that the defective materials exclusion applied, it did not need to go any farther. Before reversing the trial court’s granting of summary judgment, however, this Court was obligated to consider all the evidence before the trial court, including the entire policy, to determine whether or not the policy excludes coverage as a matter of law. Indeed, our conclusion that the defective materials exclusion is inapplicable would be irrelevant were we to find that one of the other two policy provisions cited by LCPIC excludes coverage under the undisputed facts demonstrated by the evidence.
Accordingly, I believe that this Court erred by concluding that the applicability of the defective materials exclusion was “the only ruling ... properly before this Court for review.” I would grant rehearing to consider the applicability of the other two exclusions relied upon by LCPIC in making its motion. For these reasons, I respectfully dissent from the denial of rehearing.